OFFICE OF COMMUNITY AFFAIRS AND PLANNING — STATUS OF EMPLOYEES (1) It is the opinion of the Attorney General all persons previously employed by the Division of Research and Planning of the Industrial Development and Park Department, who were transferred to the Office of Community Affairs and Planning (except for the Administrator and his Executive Secretary), are classified employees of the State Merit System irrespective of their previous status. (2) It is the opinion of the Attorney General that other than the Administrator and his Executive Secretary, the Office of Community Affairs and Planning may not employ additional people in an unclassified or exempt status. The Attorney General has had under consideration your request for an opinion in which you ask the following questions: 1. Are the unclassified and exempt employees to be given status in the classified service as provided in Title 74 O.S. 808 [74-808](1); Title 74, 1511; some other statute; or by a legal precedent? 2. If the unclassified or exempt employees may not gain status in the classified service under some "grandfather" provision, may they be employed by the new agency in an unclassified or exempt status? 3. May the new agency employ additional people in an unclassified or exempt status on or after February 1, 1971? The 1970 Legislature created the Office of Community Affairs and Planning found at 74 O.S. 1501 [74-1501] through 74 O.S. 1516 [74-1516] (1970). In creating the Office of Community Affairs and Planning, the Legislature prescribed that duties heretofore performed by the Division of Research and Planning of the Industrial Development and Parks Department would be assumed by the new agency. Additionally, provisions were made for the transfer of employees from one department to another. Title 74 O.S. 1511 [74-1511] (1970): "A. All the duties and functions relating to state, regional, and community planning heretofore provided by law to be performed by the Division of Research and Planning of the Industrial Development and Park Department shall hereinafter be performed by the Office (referring back to the Office of Community Affairs and Planning). . ." "B. All employees of the Division of Research and Planning of the Industrial Development and Park Department who are employed exclusively or principally in performing the powers, duties and functions transferred by this Act to the Office of Community Affairs and Planning shall, upon effective date of this bill, be transferred to the Office of Community Affairs and Planning. All such employees will be transferred without any loss of rights granted by law. All employees except the Administrator and his Executive Secretary shall be classified employees of the State's Merit System." The effective date of the Act was provided in 74 O.S.Supp., 1970, 1514 as follows: "This Act shall be effective February 1, 1971." In your request you make reference to 74 O.S. 808 [74-808] (1961), a part of the general statutes dealing with the Merit System. Both Sections previously cited and the balance of the Merit System Act involve circumstances in which employees and/or agencies have been brought under the Act through executive order. The Act does not discuss the Legislature's rights in this field. However, as the Act itself is a creature of the Legislature, it is evident that the Legislature may go outside the Act and classify employees or agencies. In dealing with the newly created office of Community Affairs and Planning, the language of the Legislature is clear and concise. Section 1511, supra, provides: "All employees except the Administrator and his Executive Secretary shall be classified employees of the State Merit System." It is difficult to read into such language any intent other than that the words themselves convey. Therefore, it is the opinion of the Attorney General that the answer to your first question is in the affirmative. Based upon the provisions previously cited in 74 O.S. 1511 [74-1511] (1970), that all persons previously employed by the Division of Research and Planning of the Industrial Development and Park Department, who were transferred to the Office of Community Affairs and Planning (except for the Administrator and his Executive Secretary), are classified employees of the State Merit System irrespective of their previous status. As the answer to your first question was in the affirmative, your second question does not require an answer. With respect to your third question, it is the opinion of the Attorney General for reasons previously stated, that the answer to your third question is in the negative. That other than the Administrator and his Executive Secretary, the Office of Community Affairs and Planning may not employ additional people in an unclassified or exempt status. (Paul C. Duncan) ** SEE: OPINION NO. 71-239 (1971) **